IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Therman Rivers, ) | |
| ) | C/A No.: 3:03-3574-RBH |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER** |
| Jo Anne B. Barnhart, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On April 6, 2005, plaintiff filed a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified. Defendant filed a response on April 20, 2005, indicating that she does not oppose plaintiff's request for fees, but objects to the hourly rate requested by plaintiff as well as the classification of service by the Sheriff of Richland County as a "cost" rather than an "expense." Plaintiff filed a Reply objecting to the defendant's position.

Under the EAJA, a court shall award attorneys' fees to a prevailing party in certain civil actions against the United States if it finds that the government's position was not substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991); *Pierce v. Underwood*, 487 U.S. 552 (1988).

The plaintiff requested a cost of living enhancement to the $125 statutory cap, based on the CPI in effect the month that the plaintiff became a "prevailing party" by virtue of the District Court Order and Judgment. In this case, the Commissioner does not contest that a cost of living adjustment

is appropriate. Rather, the Commissioner objects to the date and the index used by the plaintiff to reach the rate of $153.00 per hour. The Commissioner argues that the more appropriate rate is to use the July 2004 rate of $149.77 because it is the temporal midpoint of the period during which services were rendered. The Act is silent regarding the position taken by the Commissioner. In making this suggestion, the Commission relies on non-binding cases from other circuits. In *Ball v. Sullivan*, 754 F.Supp. 71, 75 (D.S.C. 1990), the court specifically rejected the "contention that the hours claimed by petitioner on behalf of plaintiff must be broken down by year or month and varied rates calculated for each division." In the opinion in *Ball*, the Court made reference to "the close of services rendered in this case," which was June 1990, when referring to the application and calculation of the CPI figure. *Id*. at 74. Therefore, this court holds that March 2005 is an appropriate endpoint for computing the cost of living adjustment of the EAJA statutory cap, especially in light of the fact that it is only seven months later than the temporal midpoint argued by the plaintiff and amounts to only $3.23 an hour difference.[1]

The Commissioner also contends that petitioner's hourly rate should be calculated using the South urban regional CPI rather than the national average. However, as noted by the petitioner, "[d]efendant does not cite any policy, regulation, or any other authority indicating a uniform use of regional statistics. The undersigned has submitted many EAJA petitions using the national figures with this defendant and this is the first time defendant has objected to the national average." Having been given no authority to the contrary, this Court holds that the proper CPI to use is the national

---

[1] The court notes that other courts, in making this determination, have acknowledged several reasons for using the date on which the plaintiff became a "prevailing party:" "'[T]he cost of living adjustment provision seems designed to provide a disincentive to agencies to prolong the litigation process.' The agency should not reap the benefits of any inflation during litigation. Similarly, attorneys should not have the purchasing power of their fees eroded by such inflation." *Garcia v. Schweiker*, 829 F.2d 396, 402 (3rd Cir. 1987) (internal citations omitted).

2

average.

The Commissioner finally contends that the plaintiff has improperly characterized service of process by the Richland County Sheriff's Department as a "cost" rather than an "expense." Defendant does not object to this recharacterization "although it has been paid many times as a cost."

Based on the foregoing, the court overrules in part the defendant's response to the plaintiff's motion for attorneys fees. The Court so orders the defendant to pay plaintiff the sum of $3,467.26, or attorney's fees and costs representing 21.5 hours of work at a rate of $153.00 per hour and representing $27.76 towards expenses and $150.00 towards costs.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 11, 2005
Florence, South Carolina